## IN THE UNITED STATES DISTRICT COURT

## FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| **ANTHONY SCOTT DUSCH,** | ) | |
| | ) | |
| **Petitioner/Defendant,** | ) | |
| | ) | **CIVIL NO. 06-cv-4016-JPG** |
| **vs.** | ) | |
| | ) | **CRIMINAL NO. 02-cr-40080** |
| **UNITED STATES of AMERICA ,** | ) | |
| | ) | |
| **Respondent/Plaintiff.** | ) | |

## MEMORANDUM AND ORDER

**GILBERT, District Judge:**

This matter is before the Court on Petitioner's Motion under 28 U.S.C. § 2255 to Vacate, Set Aside or Correct Sentence. This motion was filed by Petitioner, *pro se*, and the Government has not filed written responses to this motion. For the reasons set forth below, the motion is denied.

Pursuant to a plea agreement, Petitioner entered a plea of guilty to one count of conspiracy to manufacture methamphetamine, in violation of 21 U.S.C. § 846, and one count of attempting to manufacture methamphetamine, in violation of 21 U.S.C. § 841(a)(1). On July 29, 2003, Petitioner was sentenced to 292 months imprisonment (292 months on the conspiracy count and 240 months on the attempt-to-manufacture count; terms to run concurrently), five years supervised release, a special assessment of $200, and restitution in the amount of $5,000. No appeal was taken; this section 2255 motion was filed on January 17, 2006.

Petitioner entered into a plea agreement with the Government in an attempt to benefit himself. In exchange for the benefits he received, Petitioner waived his right to a direct appeal and to a collateral attack under Section 2255. Specifically, the plea agreement provides in relevant part:

> The Defendant is aware that Title 18, United States Code, Section 3742 affords a defendant the right to appeal the sentence imposed. Acknowledging all this, the Defendant knowingly and voluntarily waives the right to appeal any sentence within the maximum provided in the statute(s) of conviction (or the manner in which the sentence was determined) on the grounds set forth in Title 18, United States Code, Section 3742 or on any ground whatever, including any ordered restitution, in exchange for the concessions made by the United States in this plea agreement. The Defendant also waives his right to challenge his sentence or the manner in which it was determined in any collateral attack, including but not limited to a motion brought under Title 28, United States Code, Section 2255.

Plea agreement at ¶ II-11 (Doc. 44, criminal case).

The Seventh Circuit has held that "a waiver of a right to appeal contained within a guilty plea is enforceable," provided the waiver is knowing and voluntary. *United States v. Feichtinger*, 105 F.3d 1188, 1190 (7th Cir.), *cert. denied*, 117 S.Ct. 2467 (1997); *United States v. Schmidt*, 47 F.3d 188, 190 (7th Cir. 1995). *See also United States v. Wenger*, 58 F.3d 280, 281 (7th Cir.), *cert. denied*, 116 S.Ct. 349 (1995). A waiver will not be enforced, however, if the district judge relied on impermissible facts in sentencing (for example, the defendant's race or gender) or if the judge sentenced the defendant in excess of the statutory maximum sentence for the offense committed. *Feichtinger*, 105 F.3d at 1190.

Similarly, the Seventh Circuit has found that a waiver of Section 2255 relief in a plea agreement is enforceable, and should be treated no differently than the waiver of a direct appeal. *Jones v. United States*, 167 F.3d 1142, 1145 (7th Cir. 1999). Indeed, the Seventh Circuit has specifically stated that both statutory and constitutional rights can be waived in a plea agreement. *Id.* at 1144; *United States v. Woolley*, 123 F.3d 627, 631-32 (7th Cir. 1997); *Feichtinger*, 105 F.3d at 1190.

Petitioner states four grounds for relief: 1) that he received ineffective assistance of counsel because his counsel wrongly advised him that the government would move for a downward departure

after he testified against his co-defendants and because counsel failed to object to certain Sentencing Guidelines enhancements, 2) that, based on *United States v. Booker*, 543 U.S. 220 (2005), his sentence was enhanced in violation of his Sixth Amendment rights, 3) that his conviction was obtained in violation of the privilege against self-incrimination, and 4) that he received ineffective assistance of counsel when defense counsel refused to file a notice of appeal.  The Seventh Circuit has held that the holding in *Booker* does not apply retroactively to convictions that were final prior to the *Booker* decision.  *See McReynolds v. United States*, 397 F.3d 479, 481 (7th Cir. 2005).  *See also Guzman v. United States*, 404 F.3d 139, 144 (2nd Cir. 2005) (*Booker* does not apply retroactively on collateral review); *Lloyd v. United States*, 407 F.3d 608, 615-16 (3rd Cir. 2005) (same); *Humphress v. United States*, 398 F.3d 855, 860 (6th Cir. 2005) (same); *United States v. Bellamy*, 411 F.3d 1182, 1186 (10th Cir. 2005) (same); *Varela v. United States*, 400 F.3d 864, 868 (11th Cir. 2005) (same). Petitioner does not contend that his sentence was not within the maximum provided for in the statute, nor does he contend that the Court relied upon any impermissible factors such as race or gender in determining his sentence.  Consequently, there is no basis in the record for avoiding this waiver.

Even if the Court were to find the waiver unenforceable, this motion is also barred by the one-year statue of limitations.  *See* 28 U.S.C. § 2255.  Petitioner was sentenced on July 29, 2003. He did not file a direct appeal; therefore, for purposes of section 2255, Petitioner's conviction became final in August 2004.  *See Moshier v. United States*, 402 F.3d 116, 118 (3rd Cir. 2005) (unappealed federal criminal judgment becomes final for purposes of calculating time to file a § 2255 motion when time for filing direct appeal expires).  Petitioner filed the instant motion on January 17, 2006, over sixteen months too late.  None of the exceptions to the statute of limitations can alter this finding.

Therefore, because the waiver provisions of a plea agreement are enforceable, Petitioner has waived any right to bring this section 2255 motion.  Furthermore, the motion is barred by the statute of limitations, and this Court lacks jurisdiction to entertain the motion.  Accordingly, Petitioner's motion pursuant to 28 U.S.C. § 2255 is **DENIED**, and this action is **DISMISSED** with prejudice.

**IT IS SO ORDERED.**

**Dated: May 23, 2006**

    **s/ J. Phil Gilbert**
    **U. S. District Judge**